**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**BENJAMIN SMITH,**
                              **Plaintiff,**

   **vs.**                                              **9:09-CV-729**

**UNITED STATES OF AMERICA,**
**and JOHN FEHLNER,**
                              **Defendants.**
_____

**Thomas J. McAvoy,**
**Sr. U.S. District Judge**


**DECISION & ORDER**

This *pro se* civil rights action brought pursuant to 42 U.S.C. § 1983 was referred to the Hon. David R. Homer, United States Magistrate Judge, for a Report-Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c).

The Report-Recommendation dated July 5, 2012 recommended that: (1) Defendants' motion for summary judgment be **DENIED** as to Plaintiff's (a) FTCA claim; and (b) Fourteenth Amendment claim regarding a biased hearing officer[1]; (2) Defendants' motion for summary judgment be **GRANTED** as to Plaintiff's Eighth Amendment claim regarding unsanitary conditions in his cell, and all other

---

[1] On page 17 of the Report-Recommendation, Magistrate Judge Homer states that the Defendants' motion for summary judgment on this issue should be denied. But, the conclusion incorrectly states that it should be granted.

1

claims against Defendant Fehlner; and (3) Plaintiff's cross-motion for summary judgment be **DENIED** in all respects.

Defendants filed timely objections to the Report-Recommendation with respect to the claims under the FTCA only. Plaintiff filed untimely objections to the Report-Recommendation and, therefore, will not be considered by the Court.

When timely objections to a magistrate judge's Report-Recommendation are lodged, the Court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." See 28 U.S.C. § 636(b)(1). After such a review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." Id. With respect to those portions of the Report-Recommendation to which no objections are made, the Court reviews for plain error or manifest injustice. Accordingly, the Court will only review the FTCA claims under the de novo standard, and all other claims under the clearly

Using these standards, and upon review of the Report and Recommendations, this Court has determined to accept the recommendations of Magistrate Judge Homer for the reasons therein with the exception of the recommendation that the Court not dismiss Plaintiff's FTCA claim.

2

An FTCA claim is generally determined by the law of the state where the act or omission occurred, in this case, New York. Shields v. U.S. Fed. Bureau of Prisons, No. 8:08-CV-632(NAM/DEP), 2012 WL 2803399, at *1 (N.D.N.Y. July 15, 2010); see Liranzo v. United States, 690 F.3d 78, 86 (2d Cir. 2012) (citing 28 U.S.C. § 1346(b)(1)). Pursuant to New York state law, a plaintiff must prove three elements to prevail on a negligence claim: (1) the existence of a duty owed by the defendant to the plaintiff; (2) a breach of this duty; and (3) resulting injury to the plaintiff. Shields 2012 WL 2803399 at *1 (citing Alfaro v. Wal-Mart Stores, Inc., 210 F.3d 111, 114 (2d Cir. 2000)). As to the second element, the plaintiff has to demonstrate that the defendant either created the dangerous or defective condition which caused the accident, or that they had actual or constructive notice of it. Dima v. Breslin Realty, Inc., 658 N.Y.S.2d 115, 116 (2d Dep't 1997); see Gordon v. Am. Museum of Natural History, 67 N.Y.2d 836, 837 (2d Dep't 1986). To constitute constructive notice, a defect must be visible and apparent and exist for a sufficient length of time prior to the accident to permit defendant to discover and remedy it. Gordon 67 N.Y.2d at 837.

Here, even if the Court were to consider Plaintiff's untimely objections and assume arguendo that his injuries were not work related, the FTCA claim is insufficient to survive summary judgment. Defendants offered the declaration of the

3

factory manager, Dean Peterson, stating that he had no personal knowledge of any other accidents involving any chair during his twenty-year tenure. Peterson Decl. at ¶7.

In response, Plaintiff fails to provide sufficient evidence that Defendants had notice, actual or constructive, a necessary element under New York state law. Shields 2012 WL 2803399 at *1. Plaintiff relies solely upon Defendants' lack of knowledge of the chair's twelve-year age and purported out-datedness. Smith Objections at 2.  Plaintiff does not provide evidence that the chair was visibly hazardous, but speculates that discovery of the chair's age upon inspection would lead a reasonable person to believe it was dangerous. Smith Objections at 2; Smith Cross-Mot. Summ. J. at 19. Plaintiff fails to provide sufficient evidence that Defendant had actual notice of the chair's deterioration. Plaintiff similarly fails to offer sufficient evidence of constructive notice that the defect was visible and apparent and existed for a sufficient amount of time prior to the accident. Gordon 67 N.Y.2d at 837.  Even assuming Defendant was aware the chair was twelve-years old, that fact standing alone is insufficient to demonstrate actual or constructive notice.

To the extent that Plaintiff seeks to recover on a Products Liability theory, his claims must be dismissed.  Nowhere does he proffer evidence from which it can reasonably be concluded that the chair was negligently designed or manufactured. See Lancaster

4

<u>Silo & Block Co. V. N. Propane Gas Co.</u>, 427 N.Y.S.2d 1009, 1013 (2d Dep't 1980).

It is therefore **ORDERED** that Defendants' motion for summary judgment be (1) **DENIED** as to Plaintiff's claim against Fehlner for violation of his Fourteenth Amendment Rights regarding a biased hearing officer; and (2) **GRANTED,** as to Plaintiff's (a) FTCA claim; and (b) Eighth Amendment Claim for cruel and unusual punishment, and as to all other remaining claims against Defendant Fehlner; and it is further **ORDERED** that Plaintiff's cross-motion for summary judgement is **DENIED** in all respects.
**IT IS SO ORDERED.**

Dated: September 28, 2012

_Thomas J. McAvoy_
Thomas J. McAvoy
Senior, U.S. District Judge